IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:10-CR-95-FL-3
NO. 7:12-CV-262-FL

| | | |
|---|---|---|
| JORGE ALBARRAN-RIVERA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's motion and amended motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE 211, DE 214), and the government's motion to dismiss, or alternatively, for summary judgment (DE 217), to which petitioner has responded. The court referred the matter to United States Magistrate Judge William A. Webb, who issued a memorandum and recommendation ("M&R") on November 14, 2012, granting the government's motion to dismiss. (DE 224). Petitioner filed a further response and an objection to the M&R on November 26, 2012. In this posture, the matter is ripe for ruling. For the reasons stated below, the court adopts the recommendation of the magistrate judge to deny petitioner's motion and grant the government's motion.

**BACKGROUND**

On March 10, 2011, the government filed a superseding indictment charging petitioner with (1) conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846, and (2) knowing possession of firearms in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). (DE 64). On May 20, 2011, petitioner

pleaded guilty, pursuant to a written plea agreement, to the § 846 offense. (DE 132). The plea agreement provided that petitioner would

> "waive knowingly and expressly the right to appeal whatever sentence is imposed on any ground...and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2855, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea."

Plea Agreement, 1 (DE 132). The parties agreed that the facts warranted a downward adjustment of three levels for acceptance of responsibility under U.S.S.G. § 3E1.1 and an upward adjustment of two levels for possession of a dangerous weapon under U.S.S.G. § 2D1.1(b)(1).

The court conducted a hearing pursuant to Rule 11 of the Federal Rules of Civil Procedure on May 20, 2011. At that hearing, petitioner affirmed his satisfaction with his attorney's services. Hr'g Tr. 10:7-8 (DE 206). The government stated that its agents had observed firearms, along with narcotics and drug paraphenalia, in the petitioner's presence on the day of its search. Id. 18:20-19:1. It also proffered that a witness saw petitioner place a gun inside the trunk of a car. Id. 19:15-17. However, the government agreed to dismiss the § 924(c) charge against petitioner because another defendant had denied any connection between the petitioner and the guns. Id. 19:21-22. The court accepted petitioner's guilty plea as freely and voluntarily entered, and supported by an independent factual basis. Id. 20:14-17.

The United States probation office submitted its presentence investigation report ("PSR") to the district court on October 17, 2011, noting that law enforcement agents had located a semiautomatic rifle, two shotguns, two assault rifles, four pistols, assault rifle magazines, two loaded pistol magazines, and a box of assorted ammunition in the stash house where petitioner was present. (PSR ¶ 16, DSE 165). Applying the two level enhancement for possessing a dangerous weapon and

2

the three level downward adjustment for accepting responsibility, the court determined that petitioner had a total offense level of thirty-one (31). With Criminal History Category I, petitioner's advisory guideline sentencing range was 135 to 168 months. The court sentenced petitioner to a term of 135 months, followed by five years of supervised release. (DE 170, DE 174). The Fourth Circuit affirmed the conviction and sentence on August 1, 2012. (DE 208).

On September 4, 2012, as amended September 28, 2012, petitioner filed timely motion to vacate, asserting ineffective assistance of counsel. (DE 212, DE 214). The government sought summary disposition under Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure on October 17, 2012. (DE 217). On October 29, 2012, petitioner filed motion for extension of time to respond to the government, asserting that he had received the court's letter notifying him of the government's motion, but had not yet received the motion itself. (DE 220) The court extended the deadline to December 7, 2012 (DE 221), and petitioner filed a response on November 5 ("November 5 Response") (DE 223). On November 14, 2012, the magistrate judge submitted the M&R, recommending that the court deny petitioners' motion, as amended, and grant the government's motion to dismiss. (DE 224).

On November 26, 2012, the court received two documents from petitioner. The first, dated November 20, was styled as a second response to the government's motion to dismiss ("November 20 Response") (DE 226). The second, dated November 22, was styled as an objection to the M&R. In the objection, petitioner stated that his November 5 Response to the government's motion was submitted "'Blindly' (sic) without the opportunity to review the government's dismissal." Petitioner stated that he had not received the M&R until November 21–one day following his November 20 Response. Petitioner requested, however, that the court allow his November 20 Response to serve

3

as his formal objection to the M&R.

## COURT'S DISCUSSION

A. Standard of Review

The court will grant petitioner's request to consider his November 20 Response as an objection to the M&R. The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c). In deciding a § 2255 motion, the court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Id.

Rule 12(b)(6) allows a suit to be dismissed for failure to state a claim upon which relief may be granted. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A district court considering dismissal under Rule 12(b)(6) should determine "whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level." Simmons v. United Mortg. and Loan Inv., LLC, 634 F.3d 754, 768 (4th Cir. 2011)(internal quotations and citations omitted). A court should accept facts alleged in the complaint as true. Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, "the court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Monroe v. City of Charlottesville, Va., 579 F.3d 380, 385-86 (4th Cir. 2009) (quotation and alteration marks omitted).

A pro se complaint such as the one at bar should be "liberally construed," and "held to less

stringent standards than formal pleadings drafted by lawyers," Erickson, 551 U.S. at 94. Yet, "the special judicial solicitude with which a district court should view such pro se complaints does not transform the court into an advocate." Weller v. Department of Social Services, 901 F.2d 387, 391 (4th Cir. 1990).

B.  Analysis

Petitioner's motion to vacate rests solely on the ground of counsel's ineffective assistance. As set forth below, the plea agreement has waived this claim. Even if the claim were not waived, it fails to meet the applicable standards.

   1.  Petitioner's Plea Agreement Waives His Claim

Defendants may waive their rights to attack conviction and sentence collaterally, "so long as the waiver is knowing and voluntary." U.S. v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). To determine whether a waiver is knowing and voluntary, the court examines the totality of the circumstances, including the language of the plea agreement, as well as the accused's educational background, experience, and conduct. U.S. v. General, 278 F.3d 389, 400 (4th Cir. 2002). The determination is often made based on the adequacy of the plea colloquy—specifically, whether the district court questioned the defendant about the appeal waiver. U.S. v. Blick, 408 F.3d 162, 169 (4th Cir. 2005).

The plea agreement waived Petitioner's right to contest his conviction and sentence "in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct *not known to the Defendant at the time of the Defendant's guilty plea.*" Plea Agreement, 1 (DE 132) (*emphasis added*). The agreement clearly stated that the penalty enhancement for possessing a

5

dangerous weapon was warranted. Plea Agreement at 6. As petitioner himself repeatedly notes, any ineffective representation regarding this plea agreement would have occurred "before" the plea negotiation. See, e.g., November 20 Response at 2 (DE 226). Petitioner fails to offer any reason for not knowing or objecting to this ineffective assistance at the time he signed the agreement or at the time of the Rule 11 hearing.

At the Rule 11 colloquy, petitioner testified that he was satisfied with his counsel's services, and understood the meaning of all the words and phrases that made up that agreement. Tr. Hrg. 10:7-9, 13:11-13 (DE 206). As the Fourth Circuit found, the district court properly followed Rule 11 to determine that petitioner's plea was knowing and voluntary. United States v. Albarran-Rivera, No. 11-5072, 2012 U.S. App. LEXIS 16032, at *1-2 (4th Cir. Aug. 1, 2012). Thus, petitioner's waiver was valid and bars him from bringing an ineffective assistance claim at this stage.

2. Petitioner's Claim Does Not Meet Applicable Standards

Even if petitioner had not waived his argument, the argument fails to survive a Rule 12(b)(6) challenge. A claim for ineffective assistance falls under the two-part test established in Strickland v. Washington, 466 U.S. 668, 686-687 (1984). Petitioner must first show that his counsel's representation fell below an objective standard of reasonableness. Id. at 688. The court grants a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. Second, petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Petitioner's argument fails to satisfy either prong.

It was objectively reasonable for petitioner's counsel to decline challenging the sentencing enhancement. The Application Notes to the Sentencing Guidelines provide that a two level

6

enhancement should apply "if the weapon is present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. 2D1.1(b)(1), see also United States v. Fowler, 1996 U.S. App. LEXIS 11234, 15-16 (4th Cir. 1996). At the Rule 11 hearing, the government stated that its agents had observed firearms located within petitioner's reach. Hr'g Tr. 18:24-19:1 (DE 206). It also noted that one of its cooperators saw petitioner place a gun inside of a car trunk. Id. 19:15-17. The PSR documented nine firearms within the stash house where petitioner was present. (PSR ¶ 16, DSE 165). Petitioner's own plea agreement stipulated that the enhancement was appropriate. The government may have dropped the § 924(c) charge after another defendant asserted that petitioner had no connection to the guns discovered, but that charge involves different criteria and considerations than a 2D1.1(b)(1) sentence enhancement. See U.S. v. Harris, 128 F.3d 850, 852-853 (4th Cir. 2012). Petitioner's discussion of § 924(c) case law does not apply. The government's decision to drop the § 924(c) charge did not mean that a connection between the weapons found and petitioner's §846 offense were "clearly improbable." The evidence still supported a sentence enhancement pursuant to a plea agreement. Counsel acted reasonably when it failed to object to this enhancement.

In petitioner's motion and subsequent pleadings, petitioner now denies he ever pled guilty to the gun enhancement and states that he never saw or possessed any weapons. Petitioner asserts his counsel ignored petitioner's requests to challenge the gun enhancement. Those allegations fly in the face of the written plea agreement that petitioner signed, and the sworn statements petitioner made in his Rule 11 hearing. "In the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on

7

allegations that contradict the sworn statements." U.S. v. Lemaster, 403 F.3d 216, 221-222 (4th Cir. 2005) (citing Blackledge v. Allison, 431 U.S. 63, 79 n. 19 (1977)). No extraordinary circumstances exist to disregard this rule. Counsel acted reasonably in failing to contest the sentencing enhancement.

Furthermore, even if counsel had challenged the sentencing enhancement, the evidence noted above would have led the court to overrule such challenge. Indeed, the court expressly stated so at petitioner's sentencing hearing. Sentencing Hr'g Tr. 12:24-25, Oct. 24, 2011 (DE 193).

C.  Certificate of Appealability

A § 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R.App. P. 22(b)(1). A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

After reviewing the claims presented in the § 2255 motion in light of the applicable standard, the court concludes that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong. None of the issues presented by petitioner are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

8

## CONCLUSION

Based on the foregoing, the court adopts the recommendation of the magistrate judge, GRANTS the government's motion to dismiss (DE 217), and DENIES petitioner's § 2255 motion (DE 211, DE 214). Petitioner is DENIED a certificate of appealability.

SO ORDERED, this the 9th day of October, 2013.

LOUISE W. FLANAGAN
United States District Judge